FILED by MM D.C.
ELECTRONIC

Oct. 2, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-CV-61576-Zloch/Rosenbaum**

EDWARD CRESPO, an individual,

    Plaintiff,

vs.

VALENTINE & KEBARTAS, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, EDWARD CRESPO, sues Defendant, VALENTINE & KEBARTAS, INC., and alleges the following:

### JURISDICTION, VENUE, PARTIES AND JURY DEMAND

1.    This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., which is within this Court's original, federal question jurisdiction pursuant to 28 U.S.C. § 1331, and for state law claims within the Court's supplemental jurisdiction pursuant to 28 U.S. C. § 1367.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because each of the Defendants to this action resides in this District within the meaning of 28 U.S.C. § 1391(c), and because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

3.    Plaintiff, EDWARD CRESPO (hereinafter "Crespo"), at all times material to this lawsuit, was and is a resident of Broward County, Florida.

4. Defendant, VALENTINE & KEBARTAS, INC. (hereinafter "V&K"), is a corporation organized and existing under the laws of Massachusetts, and which does substantial and not isolated business within the territory of the Southern District of Florida.

5. V&K is subject to personal jurisdiction in this District and in this Court pursuant to Florida Statutes § 48.193, in that its conducts substantial and not isolated business within the Southern District of Florida and otherwise has sufficient contacts within Florida and this District upon which to support personal jurisdiction, and because subjecting V&K to personal jurisdiction in this District does not otherwise offend traditional notions of fair play and substantial justice.

6. Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment to the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

7. All conditions precedent to the maintenance of this action by Plaintiff have occurred, or have been waived, performed or excused.

8. Plaintiff has retained the undersigned law firm as her legal counsel in connection with this action, and is obligated to pay reasonable attorneys' fee and all costs incurred in connection therewith.

## **GENERAL ALLEGATIONS**

9. Prior to February 2009, Crespo had a credit account with JP Morgan Chase. Due to economic conditions, Crespo reached the point that he was unable to continue paying on the account which then went into default.

10. On February 4, 2009, Crespo's account with JP Morgan Chase was placed with V&K for collection.

2

11. On March 28, 2009, V&K contacted Crespo at his residence in Hollywood, Broward County, Florida.

12. At the time of making that call, the caller identification on Crespo's phone indicated that "LAW OFFICE" was calling.

13. When Crespo answered the call, he was physically located in his Hollywood, Broward County, Florida residence. He demanded to know who the attorneys were in the office. The V&K representative making the call stated that they were not attorneys, but rather were a debt collections office.

14. When the "LAW OFFICE" call was made from V&K, the originating telephone number on the caller identification was the phone number for V&K's Bradenton, Florida branch (866) 598-2788.

15. Crespo filed a complaint with the Florida Office of Financial Regulation, alleging that because the principals of V&K are not attorneys, V&K used deceptive practices in collecting on Crespo's account.

16. On August 11, 2009, the Office of Financial Regulation issued a written warning to V&K pursuant to Florida Statutes § 559.725 stating that it was issuing a warning to V&K as "a strong admonition against the use of misleading communications with debtors."

17. All conditions precedent to maintenance of this action by Crespo have occurred, or have been performed, waived or excused.

18. Crespo has retained the undersigned law firm as his attorney in this action, and is obligated to pay a reasonable attorney's fee and all costs incurred in connection therewith.

3

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

19.     Crespo realleges and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20.     This is an action against V&K for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p.

21.     Crespo notified V&K of the fact that its caller identification displayed as "LAW OFFICE."

22.     V&K knew that its caller identification displayed as "LAW OFFICE" and intended that display to deceived the person receiving the call, including Crespo, into believing that a law firm was calling.

23.     By virtue of the foregoing facts, V&K attempted to collect on Crespo's account by misleading Crespo in connection with the collection effort.

24.     V&K mislead Crespo by means including, *inter alia*, misrepresenting the nature of V&K as a LAW OFFICE, and by threatening to take legal action against Crespo if he did not pay on the account, which V&K knew was false and misleading.

25.     The actions of V&K as alleged herein and to be proven at trial, constitute a violation of the Fair Debt Collection Practices Act sufficient to warrant liability under 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff demands entry of judgment against V&K for actual damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to 15 U.S.C. §1692k (a)(3), pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

## COUNT II

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26. Crespo realleges and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

27. This is an action against V&K for violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.55, et seq.

28. Crespo notified V&K of the fact that its caller identification displayed as "LAW OFFICE."

29. V&K knew that its caller identification displayed as "LAW OFFICE" and intended that display to deceived the person receiving the call, including Crespo, into believing that a law firm was calling.

30. By virtue of the foregoing facts, V&K attempted to collect on Crespo's account by misleading Crespo in connection with the collection effort.

31. V&K mislead Crespo by means including, *inter alia*, misrepresenting the nature of V&K as a LAW OFFICE, and by threatening to take legal action against Crespo if he did not pay on the account, which V&K knew was false and misleading.

32. The actions of V&K as alleged herein and to be proven at trial, constitute a violation of Florida Statutes § 559.72 of the Florida Consumer Collection Practices Act sufficient to warrant liability pursuant to Florida Statutes § 559.77.

WHEREFORE, Plaintiff demands entry of judgment against V&K for actual damages, statutory damages, punitive damages, court costs, attorneys' fees pursuant to Florida Statutes § 559.77, pre- and post-judgment interest, and for such other and further relief as the Court deems just and proper.

DATED:        September 29, 2009.

        Respectfully submitted,

        HOLIDAY RUSSELL, P.A.
        Attorney for Plaintiff
        3858 Sheridan Street
        Hollywood, Florida 33021
        Telephone: 954.920.5153
        Facsimile: 954.920.5126
        Email: hhrussell@holidayrussell.com

By: _____
        HOLIDAY HUNT RUSSELL, ESQ.
        FL BAR NO.: 955914

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET   09CV61576 Zloch/Rosenbaum

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
EDWARD CRESPO, an individual,

(b) County of Residence of First Listed Plaintiff   **BROWARD**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Holiday Hunt Russell, Esq.
Holiday Russell, P.A.
3858 Sheridan Street, Hollywood, FL 33021 (954.920.5153)

### DEFENDANTS
VALENTINE & KEBARTAS, INC.,

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO       b) Related Cases ☐ YES ☒ NO
JUDGE                                DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

LENGTH OF TRIAL via  **2**  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
*Holiday Hunt R[ussell]*

DATE  October 1, 2009

FOR OFFICE USE ONLY
AMOUNT _____   RECEIPT # 54770/   IFP _____